229 So.2d 365 (1969)
MEYNIER & DILLMAN HARDWARE COMPANY, Inc.
v.
Bernard J. ARONSON, Individually and as Administrator of the Estate of the Minor Jan E. Aronson, and Gulf Insurance Company.
Bernard J. ARONSON and Gulf Insurance Company
v.
Percy BIAS and Meynier & Dillman Hardware Co., Inc.
Nos. 3672, 3673.
Court of Appeal of Louisiana, Fourth Circuit.
December 1, 1969.
Rehearing Denied January 12, 1970.
Writ Refused February 27, 1970.
*366 Robert N. Ryan and Ernest L. O'Bannon, Bienvenu & Culver, New Orleans, for Bernard J. Aronson and Gulf Ins. Co., plaintiffs-appellants.
Clifton A. Adcox and Lawrence D. Weidemann, of Wicker, Wiedemann & Fransen, New Orleans, for Percy Bias and Meynier and Dillman Hardware Co., Inc., in No. 3673, defendants-appellees.
Leonard A. Washofsky, of Jackson & Hess, New Orleans, for Meynier and Dillman Hardware Co., Inc., in 3672, plaintiff-appellee.
Before REGAN, CHASEZ and LeSUEUR, JJ.
CHASEZ, Judge.
This appeal concerns claims of property damage resulting from an automobile-truck collision which occurred at the uncontrolled intersection of Audubon and Perrier Streets in New Orleans, Louisiana, on the morning of February 28, 1968.
The owner of the truck, Meynier and Dillman Hardware Co., Inc., sued Bernard J. Aronson, father of the driver of the automobile, and the automobile liability insurer, Gulf Insurance Co., for damages to the truck. Mr. Aronson and Gulf Insurance Co., which was also the collision insurer of the automobile, sued the driver of the truck, Percy Bias, and his employer, Meynier and Dillman Hardware Co., Inc., for damages to the Aronson automobile. Both suits were consolidated for trial in the First City Court of the City of New Orleans. The damages to both vehicles were stipulated. Damages to the Meynier and Dillman vehicle was $798.51 and damages to the Aronson vehicle amounted to $441.68. Mr. Aronson sued to collect the $100.00 deductible portion he had to pay and Gulf Insurance sued for $341.68 which *367 it paid to its insured, Aronson, and for which it has been subrogated.
Audubon Street is a one-way street running in a southerly direction toward the Mississippi River. Perrier Street is a two-way street lying generally in an east-west direction. Both streets are paved and are approximately 22 feet wide.
Jan Aronson, the unemancipated minor daughter of defendant, Bernard J. Aronson, was driving a 1965 Mustang eastward on Perrier Street and she collided with the right rear side of the 1962 panel truck owned by Meynier and Dillman Hardware Co., Inc., and being driven in a southerly direction on Audubon Street by Percy Bias who was in the course and scope of his employment at the time of the accident.
Miss Aronson was accompanied by her cousin, Helene Feldman, and her grandmother, Mrs. Miriam Aronson. Percy Bias was alone in the truck.
Aronson and Gulf alleged that Bias was guilty of negligence in failing to yield the right-of-way to Miss Aronson who was approaching from his right and in failing to timely apply his brakes or take evasive action to avoid the accident. Percy Bias and his employer, on the other hand, contended that Bias was free from fault, was driving in a prudent manner and that Miss Aronson proceeding at an excessive rate of speed into the intersection failed to maintain a proper lookout and failed to yield to appellee's truck which was already crossing the intersection.
Judgment was rendered in favor of Bias and Meynier & Dillman Hardware Co. Inc., in the amount of $798.51. Bernard J. Aronson and Gulf Insurance Company have appealed suspensively from the money judgment and devolutively from the judgment denying them recovery. The trial court gave only oral reasons for its judgment.
It is without question that when two vehicles enter into an intersection at the same moment the driver to the right has the right of way and the driver to the left must yield the right of way. L.S.A.-R.S. 32:121(B); Traffic Ordinance, City of New Orleans, Sec. 38-133(6); Pons v. Vititoe, La.App., 216 So.2d 341 (4th Cir. 1968). However, these preferences created by statutes or by signals or stop signs on favored streets do not relieve the driver traveling on the favored street from the duty of exercising the ordinary care of having his automobile under control and operating it at a reasonable and proper rate of speed while approaching an intersection and crossing it. When the superior motorist should reasonably realize in time that the inferior motorist will continue its approach and will obstruct the superior motorist's passage across the intersection, he is guilty of negligence should he fail to take every precaution to avoid a collision. Randall v. Baton Rouge Bus Company, 240 La. 527, 124 So.2d 535 (1960) and cases cited therein; Roussell v. Strug, La.App., 225 So.2d 34 (4th Cir. 1969). The record reveals that in this case Percy Bias approached the intersection at a speed of between 15 and 20 miles per hour. As he reached the intersection he removed his foot from the accelerator, looked to his right and to his left, observed nothing approaching, and proceeded into the intersection. As he was about to clear the intersection his truck was struck in the right rear fender with such force as to cause it to overturn. Miss Aronson testified that she was proceeding on Perrier Street looking straight ahead and did not see the truck until one of her passengers yelled "Watch out!" Then she looked to the left and then she slammed on her brakes. From her own testimony she took no evasive action other than braking, and made no effort to swerve to the right or to the left. By this time it was too late to avoid the collision. Miss Aronson further testified that she at all times stayed in her lane, the right lane. From the photographs introduced as evidence it is obvious that the truck was struck at the right rear wheel. The only conclusion to be drawn from this is that the truck had very nearly *368 cleared the intersection when it was hit. Had Miss Aronson taken the precaution of swerving, the accident would have been avoided. By her own testimony Miss Aronson did not see the truck until a passenger yelled "Watch out!" This demonstrates that she was not keeping a proper lookout. She testified she was traveling about 20 miles per hour. However, she left 27 feet of skid marks and this does not allow for any distance traveled during her reaction time after the companion yelled "Watch out!" and before she actually hit the brakes. She struck the truck with such force as to overturn it. These factors dictate an opposite conclusion than her testimony indicates with relation to her speed. We find that the accident was caused by the negligence of Miss Aronson in not keeping a proper lookout, in traveling at an excessive rate of speed and in not yielding to appellee's truck which had not only entered the intersection but had very nearly cleared it.
As was stated previously the lower court gave no written reasons for its judgment and simply decided in favor of appellee, Meynier & Dillman Hardware, Inc. However, appellants were granted a hearing on a motion for new trial limited to re-argument. After listening to the reargument, the trial judge was still of the opinion that Aronson and Gulf were negligent and should be cast in judgment. While this court is free to disagree with the findings of the trial court, its judgment will not be reversed unless there was manifest error in the decision. Ballaron v. Roth, La.App., 221 So.2d 297 (4th Cir. 1969).
A review of the facts discloses that there was no manifest error on the part of the trial judge and that he was justified in reaching the conclusions that he did in these consolidated suits.
For these reasons, we affirm the judgments rendered by the lower court in cause FC 115-597 entitled Bernard J. Aronson and Gulf Insurance Company vs. Percy Bias and Meynier and Dillman Hardware Co., Inc., and in cause FC 113-617 of the docket of the First City Court entitled Meynier & Dillman Hardware Company, Inc. vs. Bernard J. Aronson, individually and as Administrator of the Estate of the Minor, Jan E. Aronson, and Gulf Insurance Company. All costs of Court shall be borne by appellants.
Affirmed.