349 So.2d 450 (1977)
Elois DOYLE, Plaintiff-Appellant,
v.
EMPLOYER'S FIRE INSURANCE COMPANY Et Al., Defendants-Appellees.
No. 5949.
Court of Appeal of Louisiana, Third Circuit.
August 9, 1977.
Rehearing Denied September 15, 1977.
Writ Refused November 11, 1977.
*451 Gravel, Roy & Burnes by Chris J. Roy, Eugene P. Cicardo, Garrett & Ryland by Donald M. Garrett, Alexandria, for plaintiff-appellant.
Gist, Methvin & Trimble by James T. Trimble, Jr., Alexandria, for defendants-appellees.
Before HOOD, DOMENGEAUX and WATSON, JJ.
HOOD, Judge.
Miss Elois Doyle seeks damages for personal injuries sustained by her when an automobile she was driving collided with a car being driven by Mrs. David C. Caplan. Defendants are Mr. and Mrs. Caplan and their insurers. The case was tried by jury, with the result that a special verdict was returned finding that Mrs. Caplan was not negligent. Judgment was rendered by the trial court in favor of defendants, and plaintiff appealed.
The issues are whether Mrs. Caplan was negligent and, if so, whether Miss Doyle also was negligent barring her from recovery.
The accident occurred on April 23, 1974, at the intersection of two hard-surfaced streets in Alexandria. Miss Doyle was driving south on the 36-foot wide favored street at a speed of 25 to 30 miles per hour. Mrs. Caplan, who was driving west on the narrower inferior street, stopped before entering the intersection, and then proceeded into it at a slow rate of speed. The front of the Doyle automobile struck the right front side of the Caplan car. Mrs. Caplan had traversed more than half the distance across the intersection before the collision occurred, while Miss Doyle had travelled only a few feet into it. The speed limit was 25 miles per hour.
The testimony of the drivers of the vehicles involved in the accident is conflicting in some respects. There is a reasonable evidentiary basis, however, for the jury to conclude that Miss Doyle was at least one-half block, or about 150 feet, from the intersection when Mrs. Caplan entered it. Considering the special verdict which was rendered, we think the jury concluded that plaintiff was a substantial distance from the intersection when Mrs. Caplan entered it, and that the latter was justified in assuming that she could complete the negotiation of that crossing before the Doyle vehicle reached it.
We believe that the result reached by the trial court is correct. We prefer to *452 base our judgment, however, on a holding that plaintiff is barred from recovery by her own contributory negligence.
In a deposition taken prior to the trial Miss Doyle testified repeatedly that she was approximately in the "middle of that block" or in the "center of the block" when she first observed the Caplan car in the intersection, and that the defendant vehicle had reached a point about six feet into the intersection when Miss Doyle first saw it. Other evidence shows that the block was 295 feet long, and that the "center of the block" was about 150 feet from the edge of the intersection. At the trial, Miss Doyle could not recall how far she was from the crossing when she first observed the Caplan car, but she conceded that "I did go some distance before we hit." She visited the scene of the accident after the above deposition was taken, and after that visit she reasoned that she "couldn't have been" in the middle of the block when she first saw Mrs. Caplan.
Mrs. Caplan's version of the accident is that she stopped at a stop sign, looked to her right and left but saw no approaching vehicles, and that she then entered the intersection at a very slow rate of speed. After she had traversed at least half the distance across the intersection she saw the Doyle car approaching from her right. She stated that plaintiff's vehicle was "right on me" and she realized that the driver did not intend to stop. She then immediately applied her brakes and brought her car to a stop. She maintains that her car was stopped when the collision occurred.
The jury obviously accepted Mrs. Caplan's version of the accident, and we cannot say that it erred in doing so. We find that Miss Doyle was about 150 feet from the crossing when Mrs. Caplan entered it, and that Miss Doyle saw or should have seen the Caplan car in the intersection ahead of her in ample time to enable her to bring her car to a stop before it reached the crossing. If she had exercised reasonable care, we think the accident would have been avoided.
When the motorist on a superior street realizes, or should reasonably realize, that the inferior motorist has entered, or will enter, the intersection ahead of him and will obstruct the superior motorist's passage through the crossing, the latter is guilty of negligence if he fails to take every reasonable precaution which is available to him in an effort to avoid a collision. Meynier & Dillman Hardware Co. v. Aronson, 229 So.2d 365 (La.App. 4 Cir. 1969); Randall v. Baton Rouge Bus Company, 240 La. 527, 124 So.2d 535 (1960); Roussell v. Strug, 225 So.2d 34 (La.App. 4 Cir. 1969).
In the instant suit, we have found that Miss Doyle had ample time within which to avoid a collision after she realized, or reasonably should have realized, that Mrs. Caplan had entered the intersection ahead of her and would obstruct her passage through it. We conclude that she was negligent in failing to bring her car to a stop before she reached the intersection, that her negligence was a proximate cause of the accident, and that she is barred from recovery by her own contributory negligence.
We find no error in the judgment of the trial court which rejects plaintiff's demands. Since we have concluded that plaintiff was guilty of contributory negligence, it is unnecessary for us to determine whether Mrs. Caplan also was negligent.
The judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.
DOMENGEAUX, J., concurs in the result.
WATSON, J., dissents and assigns reasons.
WATSON, Judge, dissenting:
In this intersectional accident, the driver of one vehicle either: (1) ran the stop sign; or (2) stopped and then pulled out without seeing the approaching motorist. It is a simple case which should present no difficulty because the driver who faced the stop sign was obviously at fault and the driver with the right-of-way was obviously not at fault. However, counsel for defendant shrewdly demanded trial by jury. From *453 the record it appears that much of the trial was spent on the subject of damages, and the jury, for some reason, held the driver who failed to yield to be free of negligence. This is a manifestly erroneous conclusion. It is without a reasonable evidentiary basis. Ms. Caplan admitted candidly that she did not even see the approaching car until she had pulled out into Vance Avenue.
Now, on appeal, the majority decides the case on a different basis from that of the jury, holding that the approaching motorist was guilty of contributory negligence. The defendant had the burden of proving contributory negligence, and the physical facts here do not show contributory negligence. The only evidence is plaintiff's statement in her deposition that she was in about the middle of the block when she first spied the other vehicle. At the trial of the case, she said she had been back to the scene and frankly did not know exactly where she was when she saw the other car.
The majority holds plaintiff contributorily negligent on the basis of the deposition estimate of her position. To decide the entire case on such an approximation when the other driver was clearly at fault is wrong.
I respectfully dissent.