355 So.2d 1350 (1978)
Kenneth R. RIDDLE et al., Plaintiffs-Appellants,
v.
Robert MENARD et al., Defendants-Appellees.
No. 6294.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1978.
Rehearings Denied March 29, 1978.
*1351 C. Kenneth Deshotel, Opelousas, for plaintiffs-appellants.
Davidson, Meaux, Sonnier & Roy, L. Lane Roy, Lafayette, Louis B. Viviano, Opelousas, Lewis & Lewis by John M. Shaw, Opelousas, Voorhies Labbe by Richard D. Chappuis, Jr., Lafayette, for defendants-appellees.
Before CULPEPPER, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
Plaintiffs, Kenneth R. Riddle, and his wife, Anna Soileau Riddle, filed this suit to recover damages resulting from an automobile accident which occurred around 1:00 p. m. on June 12, 1975, in Opelousas, Louisiana. There was a collision at the intersection of Court and Franklin Streets between a Camaro automobile driven by Sandra Joubert Menard and a Pontiac station wagon driven by Mrs. Riddle. Mrs. Riddle was alone in the Pontiac while Mrs. Menard and her young sister, Cynthia Joubert, were in the Camaro.
Sandra Menard and her husband, Robert, were named as defendants by the Riddles; and they reconvened for damages. At trial, the Menards admitted the only damage sustained was to their automobile, stipulated to have a value of $950. Since the Menards were uninsured, the Riddles' liability insurer, American Insurance Company, was named as defendant on their uninsured motorists' coverage. American Insurance Company filed a third party demand against the Menards, as well as Employers Commercial Union Insurance Company of America, insurer of the city of Opelousas, and against the owners of the property at the intersection where the accident occurred, Dorothy Edwards and Gladys Edwards, and their insurer, Audubon Insurance Company, on the theory that either the City or the property owners were responsible for obstructing the view at the intersection.
Mrs. Riddle's claim is for her personal injuries sustained in the collision and for her lost wages; Mr. Riddle's claim is for her medical expenses and the damage to the station wagon.
The jury specifically found that: Anna Riddle was negligent; her negligence was a proximate cause of the accident; Sandra Menard was also guilty of negligence which was a proximate cause of the accident; neither the property owners nor the city of Opelousas were negligent; Anna Riddle had the last clear chance to avoid the accident. The trial court asked the jury to fix damages for the appellate record. Kenneth Riddle's damages were fixed by the jury at $1,000 and those of Anna Riddle, Sandra Menard and Robert Menard as "none" (TR. 120). The jury voted 10-2 that Anna Riddle was negligent; and 11-1 that Anna Riddle had the last clear chance to avoid the accident.
The Riddles moved for a new trial. In denying a motion for new trial, the trial judge expressed his opinion that the jury verdict was unjust; that plaintiff Anna Riddle should have recovered since she was not guilty of any negligence and did not have the last clear chance to avoid the accident. The judge believed her to be a "helpless victim" (TR. 137). The trial judge also stated that Anna Riddle had proved damages and there was no evidence to the contrary. The trial judge indicated that perhaps the jury found Anna Riddle's personality abrasive or the jury was offended because she exaggerated her caution. In *1352 effect, the trial judge concluded that the jury verdict was contrary to the law and the evidence under LSA-C.C.P. art. 1972[1] and did not give impartial justice as required by LSA-C.C.P. art. 1814.[2] However, since all available evidence had been presented, the trial judge decided that, in the interest of economy, the problem should be resolved on the appellate level. The trial court also stated his idea concerning quantum of damages.
The trial court should have granted a new trial in view of his strong feelings that the judgment is contrary to the law and the evidence. However, in Matthews v. New Orleans Terminal Co., 45 So.2d 547 (La.App.Orl.1950); Sumrall v. Trosclair, 270 So.2d 921 (La.App. 4 Cir. 1972); and Burt v. Shreveport Ry. Co., 142 La. 308, 76 So. 723 (1917), it has been held under similar circumstances that, where the record is complete, the appellate court should decide the case; the question of a new trial being moot at that point. We will decide the case, agreeing with the statement in Matthews, supra, as follows:
It is the duty of a trial court to see that justice is done between the litigants, and if, in a case tried before a jury, the judge believes that the verdict is unauthorized and unjust, he should grant a new trial, and the fact that such course may involve time and additional expense is an insufficient reason for his making a verdict, which in his opinion is not supported by the law and the evidence and will operate an injustice, the judgment of his court. . . . * * *
"However, in a case where the trial court believes that the verdict of the jury is contrary to the law and the evidence, but refuses a new trial, rather than remand the case, it is the duty of the appellate court to pass a definitive judgment on the record before it, irrespective of whether the district judge was or was not correct in his refusal to grant the new trial." 45 So.2d 549, 550.
Following the denial of a new trial, the Riddles have appealed. The issues to be decided are:
(1) whether the jury erred manifestly in finding Anna Riddle negligent and finding that she had the last clear chance to avoid the accident; and
(2) if the Riddles are entitled to an award, the quantum of damages.
LIABILITY
The evidence was as follows:
Sandra Menard testified that she was driving west on Franklin Street enroute to South City Park, accompanied by her sister, Cynthia Joubert. There was a stop sign on Franklin Street at its intersection with Court Street.[3] Mrs. Menard claimed that she stopped at the stop sign but could not see because of hedges on the righthand side and azaleas on the left. Then she said she edged into the intersection, looking both ways, and was looking to the right when she was hit on the left side. However, she said she did not see the Riddle vehicle until after the accident.
Mrs. Menard was not injured but her young sister had a cut on the eyebrow.
Mrs. Riddle, now 56 and a social worker with the St. Landry parish office of family services, testified that she was driving between 15 and 20 m. p. h. in a northerly direction on Court Street but that she *1353 stopped at the intersection because she had observed many children in the area during the past. She said she saw no approaching traffic and started into the intersection when she saw the Menard car. Her testimony at this point is a matter of considerable argument among counsel because she stated in Opelousas City Court that she saw the Menard vehicle about a third of a block away and did not think it could stop. In the District Court she gave somewhat similar testimony. A fair reading of Mrs. Riddle's testimony is to the effect that she saw the other car when it was some distance away (TR. 139-140) but that she was already entering the intersection when she saw the other vehicle.
Her statements simply do not support a reasonable inference as urged by some counsel that she saw the Menard vehicle, realized that it could not or would not stop, and that she had time to avoid the accident. This is the only arguable basis of last clear chance, and it overlooks the fact that there is no negligence attributable to Mrs. Riddle in the first instance.
There is no evidence that Mrs. Riddle was exceeding the speed limit; there is no evidence that she failed to keep a proper lookout; there is some indication that she may have exaggerated her caution (at various points in district court and city court she said that she stopped at the intersection or she said that she may not have stopped but that she slowed down). It is also true the damage to the vehicles indicated that she was going faster than she testified, although there is no indication that she was speeding.
According to Mrs. Riddle, when she saw the Menard car she turned her wheel to the left to avoid the collision.
It is clear that the left front of the Camaro was struck by the front or right fender of the Pontiac station wagon, although the exact angle of striking is a matter of dispute. While disputed, the exact angle of striking or the exact points on the two vehicles which collided, are not decisive of the case. The fact is that the cars ran together and then the sides of the cars toward the back struck each other and the Riddle car glanced into a utility pole.
Basically and simply, the accident was an ordinary intersectional collision where one driver (Mrs. Menard) failed to yield the right-of-way to the driver (Mrs. Riddle) on the favored street. This is the only negligence in the record.
The investigating officer, Alexander Peck of the Opelousas Police Department, confirmed the manner in which the accident happened. He testified that Franklin Street has a stop sign and that Court is a through street. He verified that the Riddle vehicle was traveling north on Court and that it was lodged against a utility pole following the accident. He testified that Mrs. Riddle appeared to be injured and that he forced open the door in order to remove her from the station wagon.
Two experts testified for the opposing parties as to how in their opinion the accident occurred. Both estimated the speed of the Pontiac at approximately 20 m. p. h. and indicated that it was the faster moving vehicle. One expert thought the cars collided at a 90-degree angle and the other at a 45-degree angle.
On the basis of these facts, it is clear that Sandra Menard failed to yield the right-ofway as required by law. LSA-R.S. 32:123 B. The record reflects that she was found guilty in city court on a charge of failing to yield. There is no reasonable evidentiary basis for the jury's finding that Mrs. Riddle was negligent or that she had the last clear chance to avoid the accident. While the appellate courts are required to give much weight to the findings of the trier of fact, likewise a finding which has no reasonable evidentiary basis must be reversed. The judgment of the trial court dismissing the claims of Kenneth R. Riddle and Anna Soileau Riddle will be reversed.
DAMAGES
This court is not bound by the finding of the jury that Mrs. Riddle suffered no damages or by the observation by the trial court that in his opinion Mrs. Riddle sustained *1354 $50,000 in general damages. A review of the record reveals the following essential facts relative to Mrs. Riddle's injuries:
She was treated by Dr. N. C. Lafleur, a general practitioner who is Mrs. Riddle's family doctor and who gave the only medical testimony. Immediately after the accident she was found to have a sore neck, a bruised elbow, and a cut on the knee, and in addition, she was extremely upset. Xrays revealed no fractures but reflected substantial arthritic changes in Mrs. Riddle's neck. Dr. Lafleur stated that in his opinion she also suffered a brain concussion in the accident. Mrs. Riddle stayed in the hospital for approximately four days. She missed a total of 10 days from work immediately after the accident, although only seven of these were actual working days. From time to time after the accident she missed an additional 10 days because of her injuries. She continued to suffer pain and soreness in the neck from the time of the accident until the time of trial, but fortunately she was able to return to her duties as a social worker. Dr. Lafleur stated that in his opinion, Mrs. Riddle suffered from degenerative arthritis and the trauma of the accident caused it to flare up, causing a condition sometimes called osteo arthritis, which resulted in her neck pain. Dr. Lafleur stated that the prognosis was for continued pain. In his opinion Mrs. Riddle could not look forward to much improvement. He described her pain as moderate to severe. Dr. Lafleur gave a detailed account of the many times over a period of perhaps a year-and-a-half that he treated Mrs. Riddle.
It is difficult to measure the amount of pain suffered by a person who sustained an injury such as Mrs. Riddle's. However, on the basis of her stay in the hospital, the number of days she missed from work and the description of her condition by her attending physician, it appears that the sum of $7,500 would be a fair and reasonable award for her general damages.
As to special damages, Mrs. Riddle is entitled to payment for the 17 days that she missed work at the rate of $44.32, or $760.24. Additionally, Kenneth R. Riddle is entitled to recover the following damages:

Nursing (Helen Johnson) $ 90.00
Damages to automobile 440.00
St. Landry Clinic 335.30
Dr. Lafleur (hospital treatment) 90.00
Dr. Lafleur (subsequent treatment) 194.00

The parties stipulated that in the event that American Insurance Company was found to owe special damages, it would be given credit in the amount of $515.30 paid for medical and for $255.20 paid in wages.
For the reasons assigned, the judgment of the trial court is reversed insofar as it rejects the demands of Anna Soileau Riddle and Kenneth R. Riddle. It is ordered, adjudged and decreed that there be judgment in favor of Anna Soileau Riddle and against the Riddle's uninsured motorists' insurer, American Insurance Company, in the full sum of $7,500 as general damages and for $760.24, as loss of wages, subject to a credit of $255.20 for loss of wages paid, together with legal interest from date of judicial demand until paid; and that there be judgment in favor of Kenneth R. Riddle and against American Insurance Company in the full sum of $1,149.30, subject to a credit of $515.30 for medical expenses paid, together with legal interest from date of judicial demand until paid.
As to the jury's dismissal of the claims against the City of Opelousas and the property owners adjoining the intersection, we find no error and the judgment of the trial court as to these parties is affirmed.
All costs, both at trial and on appeal are taxed against American Insurance Company.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
NOTES
[1] LSA-C.C.P. art. 1972:

"A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) Where the judgment appears clearly contrary to the law and the evidence;
(2) Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; or
(3) In jury cases, as provided in Article 1814."
[2] LSA-C.C.P. art. 1814:

"A new trial shall be granted if it be proved that the jury was bribed or has behaved improperly so that impartial justice has not been done."
[3] Sandra Menard admitted that she was found guilty in Opelousas City Court of failing to yield the right-of-way at the intersection. An exhibit shows that she was fined $42.50.