366 So.2d 642 (1978)
Timothy KIRK, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY et al., Defendants-Appellees.
No. 6772.
Court of Appeal of Louisiana, Third Circuit.
December 20, 1978.
Rehearing Denied January 31, 1979.
Writ Refused March 23, 1979.
Carter & Laurent, Wilford D. Carter, Lake Charles, for plaintiff-appellant.
Levingston, Tynes, Liles & Ezell by Maurice L. Tynes, Lake Charles, for defendants-appellees.
Before DOMENGEAUX, WATSON, and GUIDRY, JJ.
DOMENGEAUX, Judge.
This appeal results from a jury trial by which plaintiff sought to recover for damages allegedly sustained in an intersectional collision.
The accident occurred on a dry, sunny day in the afternoon hours of April 26,1977, in Lake Charles, Louisiana. Plaintiff, Timothy Kirk, was driving his 1970 four door Chrysler north on Blake Street, accompanied by a passenger, Mrs. Irene Bernard. Mrs. Brenda Lavine, one of the defendants, was driving her 1973 two door Ford west on Katherine Street with her two year old child. Blake and Katherine Streets intersect each other. Katherine Street is marked with yield signs at the intersection, and, therefore, Blake is the favored street.
Apparently, Mrs. Lavine failed to yield at the intersection, and the Kirk vehicle struck the Lavine vehicle on the driver's side. The force of the impact spun the Lavine vehicle around, causing it to jump a curve, knock off a manhole cover, and hit a utility pole on the opposite side of the Lavine vehicle.
Mr. Kirk brought this suit against Mrs. Lavine and her insurer, Allstate Insurance Company, in order to recover for personal injuries sustained in the accident. He contended that the accident occurred solely because of the negligence of Mrs. Lavine and also prayed for a trial by jury. Defendants answered and specifically pled contributory negligence on the part of Mr. Kirk as a bar to his recovery.
After trial and deliberation, the jury returned a verdict against plaintiff. Accordingly, judgment was entered rejecting his demands at his costs. Defendant thereupon *643 moved for a new trial, which was denied by the trial judge. In his oral reasons, the trial judge observed that his verdict would have been different if he had been the trier of fact but, inasmuch as there was evidence upon which the jury could have found contributory negligence on the part of defendant, he felt constrained to deny the motion for a new trial. Plaintiff perfected this devolutive appeal.
The threshold issue involved in this appeal is whether the jury was manifestly erroneous in finding plaintiff contributorily negligent.
The oft-quoted rule of Canter v. Koehring, 283 So.2d 716 (La.1973), relative to an appellate court's review of findings of fact made at the trial level, is stated as follows:
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts."
It is our task in this case to determine if the jury was manifestly erroneous, within the context of Canter, in concluding that plaintiff was contributorily negligent. After an examination of the evidence in the record, we conclude that the jury was not.
We start with the testimony of Mrs. Lavine. She testified that she was going approximately 15 to 20 miles per hour upon entering the intersection. When she entered the intersection, she first looked northward on Blake Street, or to her right. No cars were approaching. She then looked southward, or to her left, and saw the Kirk vehicle approaching. Since she was already blocking part of the intersection, she decided to accelerate in order to get out of the way of the Kirk vehicle. She testified that at no time did she actually apply her brakes. Mrs. Lavine also stated that she misjudged Mr. Kirk's rate of speed. She was adamant in her testimony that had he been going slower or had he attempted avoidance maneuvers, the accident possibly could have been avoided. She also stated that after the collision, Mr. Kirk approached her vehicle in order to find out who the driver of the car was.
Mr. Kirk testified that he saw the Lavine vehicle before she reached the intersection. At one point he testified that he thought that defendant's vehicle had stopped at the corner at the yield sign; however, at another point, he stated that he merely assumed that she was going to stop. He stated that he was proceeding at a rate of approximately 20 to 25 miles per hour in a 35 miles per hour zone. He testified that he did not feel that he had enough time to apply his brakes before the collision occurred and that he did not apply his brakes. He stated that after the collision he approached the Lavine vehicle in order to find out if anyone was injured.
Mrs. Irene Bernard, the passenger in the Kirk vehicle, testified that the plaintiff's vehicle was traveling at approximately 30 to 35 miles per hour. She stated that it did not appear to her that the Lavine vehicle was slowing down for the yield sign. She said that when she saw the Lavine vehicle, she hollered to plaintiff that there was a car in front of him and that he said he saw it but could not do anything about it. It should be noted that she later said that plaintiff did not reply to her warning verbally, but did try to apply his brakes. The witness also stated that it appeared to her that the Kirk Chrysler was a total loss.
Officer Eric Seiley, the investigating police officer, testified that the collision took *644 place in approximately the middle of the intersection. Defendant's car was struck by the front of plaintiff's vehicle approximately in the middle of the driver's side. He stated that it was a dry, sunny day, but that after the impact, defendant's vehicle spun around, went over a curb, knocked off a manhole cover, and struck a utility pole. He also stated that the right or passenger side, especially the right rear, of the Lavine vehicle was damaged because of its striking the utility pole. He further testified that plaintiff told him at the scene of the accident that he was traveling at approximately 35 miles per hour. Officer Seiley stated that the right front tire of plaintiff's vehicle left seven feet of skid marks and that the right rear tire left 40 feet of skid marks. No explanation of these unusual measurements was given.
We feel that the jury could have concluded from this evidence that plaintiff was contributorily negligent on the basis that he continued into the intersection after he should have known that Mrs. Lavine was not going to yield to his right-of-way. The following evidence is supportive. Mrs. Lavine stated that at no time did she apply her brakes before entering the intersection. Mrs. Bernard, plaintiff's passenger, testified that she did not think Mrs. Lavine was slowing down and that she had sufficient time to convey a warning to Mr. Kirk before the collision occurred that defendant was continuing to proceed. In addition, Mr. Kirk testified that he saw the Lavine vehicle before it entered the intersection and that he at no time attempted to apply his brakes. Finally, the Lavine vehicle was struck after it was midway into the intersection.
Preferences on favored streets created by statutes, signals, or signs, do not relieve the driver traveling on the favored street from ordinary care. When the superior motorist should realize reasonably that the inferior motorist will continue his approach and obstruct the superior motorist's passage across the intersection, he is guilty of negligence should he fail to take every precaution to avoid a collision. Randall v. Baton Rouge Bus Company, 240 La. 527, 124 So.2d 535 (1960); Doyle v. Employer's Fire Insurance Company, 349 So.2d 450 (La. App. 3rd Cir. 1977), writ denied 351 So.2d 775 (La.1977); Meynier & Dillman Hardware Company v. Aronson, 229 So.2d 365 (La.App. 4th Cir. 1969), writ refused 255 La. 485, 231 So.2d 396 (1970); Roussell v. Strug, 225 So.2d 34 (La.App. 4th Cir. 1969).
We also feel that the jury could have found, under the factual circumstances presented in this case, that plaintiff was either speeding or proceeding too fast on Blake Street. Although plaintiff maintains that he was going only 20 to 25 miles per hour, his passenger testified that they were proceeding at 30 to 35 miles per hour. Furthermore, Officer Seiley stated that plaintiff said at the scene of the accident that he was traveling at approximately 35 miles per hour. In addition, there is no dispute that the impact of the collision was sufficient to send the Lavine vehicle into a spin on a clear, dry day with sufficient momentum such that it jumped the curve, knocked off a manhole cover, and hit a utility pole in the right rear section of the vehicle. This occurrence could certainly have influenced the jury, and we feel this could have supported the inference that plaintiff was going too fast.
Of no little significance in this case is the question of credibility of witnesses, which is an integral part of the manifest error rule of Canter v. Koehring Company, supra. There were several obvious discrepancies and inconsistencies in the testimony of plaintiff. Most of these were highlighted by defense counsel, who made several attempts at impeachment. The success of these attempts is a matter of speculation; however, it obviously could have had a strong impact on the jury in the final weighing of the evidence.
We are not unmindful of the case of Riddle v. Menard, 355 So.2d 1350 (La.App. 3rd Cir. 1978), writs denied 359 So.2d 627 (La.1978), in which this court reversed the factual findings of a jury, which had found contributory negligence and last clear chance in a similar intersectional collision *645 case. In that case, plaintiff, Mrs. Anna Soileau Riddle, was proceeding on a favored street when she approached an intersection in which defendant, Mrs. Sandra Menard, was traveling. Mrs. Menard failed to yield, and the front or right fender of Mrs. Riddle's vehicle struck the left front of Mrs. Menard's vehicle. The jury specifically found contributory negligence on the part of Mrs. Riddle and also found that she had the last clear chance to avoid the accident.
There are distinguishing factors between the Riddle case and the case presently before us. In Riddle, the trial judge expressed his opinion that the jury verdict, finding contributory negligence on the part of plaintiff, was unjust. He thought that plaintiff was a "helpless victim" and felt that she was guilty of no negligence and did not have a last clear chance to avoid the accident.
In reversing the jury's conclusions, we found that Mrs. Riddle had already entered the intersection before she saw the defendant's vehicle. We found no evidence to indicate that Mrs. Riddle was exceeding the speed limit and no evidence that she failed to keep a proper lookout. There was evidence, however, that Mrs. Riddle did attempt to turn her wheel in order to avoid the collision. We concluded that under the facts presented in that case, there was simply no evidentiary basis for the jury's finding of contributory negligence or last clear chance.
In the present case, although the trial judge stated that had he been the trier of fact his conclusions would have been different from the jury, he also stated that he thought there was some evidence in the record from which contributory negligence could be concluded. In addition, there are present in this case several serious questions of credibility, which could have shed doubts upon plaintiff's version of the accident. There also is evidence to indicate that plaintiff took no steps to avoid the accident, as well as an indication that plaintiff saw Mrs. Lavine's vehicle before he reached the intersection and that he should have known that she was not going to yield to his right-of-way. In addition, there is evidence in the record from which the jury could have drawn the inference that plaintiff was driving too fast. In short, we simply feel that the circumstances in this case are different from those presented in Riddle. Thus, we affirm the jury's finding.
For the above reasons the judgment of the District Court is affirmed at plaintiff's costs.
AFFIRMED.
GUIDRY, J., dissents and assigns written reasons.
GUIDRY, Judge, dissenting.
In my opinion the record reflects no reasonable factual basis for the jury's finding of contributory negligence on the part of plaintiff. For this reason I respectfully dissent from affirmation of a judgment which denies his recovery of damages.