452 So.2d 1291 (1984)
Edith SPENCER, Plaintiff-Appellee,
v.
Edward J. HYNES, et al., Defendants-Appellants.
No. 83-712.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
Jeansonne, Briney & Goudelocke, Charles J. Foret, Lafayette, for defendantsappellants.
Armentor & Wattigny, Gerard B. Wattigny and David W. Groner, New Iberia, for plaintiff-appellee.
Before CUTRER, DOUCET and YELVERTON, JJ.
CUTRER, Judge.
This appeal results from a trial court judgment for damages arising out of an intersectional collision between an automobile driven by plaintiff and a truck driven *1292 by Edward Hynes, one of the defendants. As Edith Spencer was proceeding along a boulevard, a favored roadway, she collided with a truck being driven through an intersection by Edward Hynes. The defendant, while acting within the scope of his employment, failed to observe and honor a stop sign controlling his entry into the intersection. The plaintiff filed suit for special and general damages against the defendant; his employer, Acme Truck Line, Inc.; and Acme's insurer, Northwestern National Insurance Company. The defendants answered alleging that her negligence was the sole cause of the accident or, alternatively, that the plaintiff was contributorily negligent.
Following a trial, judgment was rendered for the plaintiff against the defendants in solido, awarding the plaintiff general and special damages in the amount of $15,591.58 plus 12% interest from the date of judicial demand.[1] At trial the defendants admitted the negligence of Hynes but argued that the plaintiff was contributorily negligent and that any recovery due her should be reduced by the proportion that her negligence contributed to the accident. The trial court acknowledged the applicability of the comparative negligence law (LSA-C.C. art. 2323), since the accident occurred in 1981, but it refused to reduce the plaintiff's award, finding that she "was guilty of no negligence."
The defendants appealed suspensively, contending that the trial judge erred in finding that the plaintiff was not guilty of any negligence. The defendants contend that the plaintiff's award should be reduced by 75%, the proportion to which her negligence allegedly contributed to the accident. The total damage award of $15,591.58 was not challenged by the defendants. The plaintiff has neither answered nor appealed. We shall amend the judgment.

FACTS
The facts are not in dispute. The accident in question occurred in New Iberia on December 8, 1981, shortly before the noon hour, and the weather was clear and dry. Immediately prior to the accident, the plaintiff was driving her 1979 Chevrolet automobile south on Airport Boulevard, a divided highway with two lanes of travel running north and two lanes running south. The median dividing the four lanes is approximately 18 to 19 feet wide. Airport Boulevard is intersected by Admiral Doyle Drive, a two-lane, paved road running east and west. At this intersection, there is a stop sign regulating the traffic on Admiral Doyle Drive. There were no traffic controls for drivers on Airport Boulevard, and the posted speed limit for both roadways was 45 miles per hour.
As the plaintiff was driving south and nearing the intersection, the defendant, Edward Hynes, was approaching it on Admiral Doyle Drive, driving in a westerly direction. He was operating a 2½ ton, flatbed truck, 35 feet in length. At that time Hynes was on a mission for his employer, but he had become lost while driving in New Iberia. At trial, Hynes admitted that he failed to see the stop sign controlling his entry into the intersection. He, therefore, entered the intersection of the two roads without stopping or slowing, although Hynes stated that he had looked left and right before he entered the intersection and that he had not seen any traffic at that time.
Hynes testified that he was halfway through the intersection before he saw the plaintiff's car on his right and that he could not stop in time to avoid the accident. He accelerated in an attempt to avoid a collision. He stated that he was driving approximately 35 miles per hour when the accident occurred. The plaintiff stated that she was driving only 25 miles per hour at the time of the accident, having checked her speedometer only seconds before the *1293 impact. She also stated that she was driving with her windows up and that the radio and air conditioner were both in use. Further, the plaintiff testified that she was looking straight ahead as she approached the intersection and she did not see any vehicle.
Hynes' truck had practically cleared the intersection (approximately 70 feet wide) when the front of the plaintiff's car struck the area of the right rear bumper of the truck. The plaintiff was injured by the impact and taken to a nearby hospital for treatment and was released. The plaintiff testified unequivocally several times that she never saw the truck, although she had been looking straight ahead.
Both drivers said that they did not apply their brakes at any time prior to the accident. This was corroborated by Tropper Etie's investigation of the scene which failed to reveal any tire skid marks. The plaintiff stated that her slow speed would have allowed her to have stopped her car within several feet if she had applied her brakes.
On the northeast corner of the intersection there was erected a one-story, commercial building situated approximately 40 feet from Airport Boulevard. This building would obstruct the view plaintiff and Hynes had of one another as they made their approach toward the intersection. The plaintiff testified, however, that, had she been looking in that direction, she could have seen the stop sign on Admiral Doyle Drive from a distance of approximately 150 yards. The photographs introduced into evidence support this estimate. There were no other obstructions to the drivers' views.

PLAINTIFF'S NEGLIGENCE
In the instant case, the defendants' negligence and liability are not in question, as Hynes conceded that he ran the stop sign.
The sole issue before this court is whether the trial court erred in finding that plaintiff was free of negligence.
The principles of law involved in deciding this issue are as follows:

"With respect to the claim of failure to maintain a proper lookout it is well established in the jurisprudence that a motorist on a favored street has a right to assume that any driver approaching the intersection on a less favored street will yield the right of way. The driver can indulge in this assumption until he sees or should see that the other car has not observed the law. Doucette v. Primeaux, 180 So.2d 866 (La.App. 3 Cir. 1965)."

Audubon Insurance Company v. Knoten, 325 So.2d 624 (La.App. 4th Cir.1976). Although the motorist may assume that a stop sign will be obeyed by other motorists, he must nevertheless exercise caution that is commensurate with the circumstances. Further:

"Preferences on favored streets created by statutes, signals, or signs, do not relieve the driver traveling on the favored street from ordinary care. When the superior motorist should realize reasonably that the inferior motorist will continue his approach and obstruct the superior motorist's passage across the intersection, he is guilty of negligence should he fail to take every precaution to avoid a collision. Randall v. Baton Rouge Bus Company, 240 La. 527, 124 So.2d 535 (1960); Doyle v. Employer's Fire Insurance Company, 349 So.2d 450 (La.App. 3rd Cir.1977), writ denied 351 So.2d 775 (La.1977); Meynier & Dillman Hardware Company v. Aronson, 229 So.2d 365 (La.App. 4th Cir.1969), writ refused, 255 La. 485, 231 So.2d 396 (1970); Roussell v. Strug, 225 So.2d 34 (La.App. 4th Cir.1969)."

Kirk v. Allstate Ins. Co., 366 So.2d 642 (La.App. 3rd Cir.1978), writ den., 369 So.2d 154 (La.1978).
With these principles in mind we examine the circumstances of this accident to determine if plaintiff was contributorily negligent and, if so, the percentage.
There was no impairment of the plaintiff's view of the intersection as she *1294 approached same at 25 miles per hour. The truck driver went through the stop sign at approximately 35 miles per hour, crossed the northbound lanes of travel (24 feet wide), the neutral ground (18 feet wide), and he traversed practically all of the southbound lanes of travel when plaintiff struck the rear portion of the truck.
Plaintiff stated that there was no obstruction but that she didn't see the truck before the accident. Her testimony in this regard was as follows:
"Q. Do you know how fast you were driving the day of the accident?
"A. Yes, I do; twenty-five miles an hour.
"Q. How do you know how fast you were driving?
"A. I had just checked my speedometer before the accident.
"Q. Where were you looking as you approached the intersection?
"A. Straight ahead.
"Q. Did you see any traffic in the intersection?
"A. No, I didn't."
* * * * * *
"Q. What did you see before you hit the truck?
"A. Just a flash. You know, I really didn't see the truck. It just flashed in the front of me and I hit it."
As we consider the plaintiff's speed of 25 miles per hour, the good visibility of the intersection, the 70 foot width of the intersection and the distance traveled by the truck through the intersection prior to the accident, we conclude that plaintiff could and would have observed the truck as it crossed the boulevard if she had maintained a proper lookout and ordinary care. Plaintiff was not exercising the caution which was commensurate with the circumstances. If she had been keeping a proper lookout she would have been able to avoid the accident by slowing her car or veering slightly to her left. When she failed to perform these basic duties imposed upon her by the law, she was negligent in the operation of her vehicle, which negligence was a proximate cause of the accident. We conclude that the trial judge was clearly wrong in finding plaintiff free of negligence.

PROPORTION OF PLAINTIFF'S NEGLIGENCE
The only question remaining to be answered is the percentage of the accidentcausing negligence which should be attributed to the plaintiff.
A consideration of all the facts and circumstances presented in this case leads this court to the conclusion that 30% of the actionable negligence should be attributed to the plaintiff. Accordingly, the award of $15,591.58 to the plaintiff shall be reduced by 30%, an amount we find to be $4,677.47.
For the foregoing reasons, the trial court's judgment shall be amended by reducing the award to $10,914.11. In all other respects the trial court judgment shall be affirmed. Costs of this appeal are assessed to plaintiff-appellee.
AMENDED AND AFFIRMED.
NOTES
[1] The damages awarded to the plaintiff were itemized as follows:

 Loss of vehicle $ 4,910.00
 Loss of wages 4,200.00
 Medical $ 1,481.58
 General damages for pain and
 suffering 5,000.00