STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-382


STEPHANIE HAYES

VERSUS

JASON C. COVEY, ET AL.


**********
APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2004-6641-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE
**********


**GLENN B. GREMILLION**
**JUDGE**


**********


Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Glenn B. Gremillion, Judges.


**REVERSED AND REMANDED.**


**Darrel Dee Ryland**
**P.O. Box 1469**
**Marksville, LA 71351**
**(318) 253-5961**
**Counsel for Plaintiff/Appellee:**
   **Stephanie Hayes**

**David A. Hughes**
**Hughes & LaFleur**
**P. O. Box 1831**
**Alexandria, LA 71309-1831**
**(318) 443-4090**
**Counsel for Defendants/Appellants:**
   **Shelter Mutual Ins. Co.**
   **Jason C. Covey**

**Tracy P. Curtis**
**Perret, Doise, APLC**
**P. O. Drawer  3408**
**Lafayette, LA 70502-3408**
**(337) 262-9000**
**Counsel for Defendant/Appellee:**
> **Progressive Security Ins. Co.**

GREMILLION, Judge.

The defendants, Jason Covey and Shelter Mutual Insurance Company, appeal the trial court's grant of summary judgment in favor of the plaintiff, Stephanie Hayes, finding that Covey was solely at fault in causing the automobile accident in which Hayes was injured. For the following reasons, we reverse and remand.

**FACTS**

Louisiana 6 Business Highway is a two-lane highway originating at the Texas border and passing through Many and Robeline before arriving at Natchitoches, Louisiana. Once it enters Natchitoches, it becomes a four-lane divided highway designated as College Avenue. Tarlton Drive originates at College Avenue and runs north and south towards Chaplin Lake, whereas College Avenue runs east and west.

On January 23, 2004, Hayes was traveling east on College Avenue approaching Northwestern State University. Covey was traveling west on College Avenue. While attempting to turn left onto Tarlton Drive, Covey failed to see Hayes' approaching vehicle and collided with her in the outermost eastbound lane of College Avenue. The collision caused Covey's vehicle to hit a third vehicle stopped on Tarlton Drive.

Hayes filed suit seeking to recover damages for injuries she suffered as a result of this accident. Named as defendants were Covey and Shelter Mutual, the insurer of the vehicle Covey was driving, which was owned by the father of Covey's girlfriend. She also filed suit against her own insurer, Progressive Security Insurance Company, based on Covey's underinsured status. Hayes then filed a motion for

1

partial summary judgment on the issue of liability, which was granted by the trial court. A judgment was rendered finding Covey solely at fault in causing the accident. Covey and Shelter Mutual's application for supervisory writ was denied as their remedy existed through appeal. This appeal followed.

## ISSUE

On appeal, Covey and Shelter Mutual argue that the trial court erred in finding that a jury could not find Hayes guilty of comparative fault in this matter.

## SUMMARY JUDGMENT

The law pertaining to summary judgment was discussed by the Louisiana Supreme Court in its per curiam opinion in *Hines v. Garrett*, 04-0806, pp. 1-2 (La. 6/25/04), 876 So.2d 764, 765-66 (alteration in original):

> We review a district court's grant of summary judgment *de novo*, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Summary judgment is warranted only if "there is no genuine issue as to material fact and [ ] the mover is entitled to judgment as a matter of law." La.Code Civ.Proc. art. 966(C)(1). In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor.
>
> A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730,751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id.*

Whether a fact is material is determined in light of the relevant substantive law. *Weingartner v. La. IceGators*, 02-1181 (La.App. 3 Cir. 4/17/03), 854 So.2d 898, *writ denied*, 03-1388 (La. 9/13/03), 853 So.2d 645.

2

Louisiana Revised Statute 32:123(D) provides the duty of a motorist with regard to yield signs:

> The driver or operator of a vehicle approaching a yield sign shall slow down to a speed reasonable for the existing conditions, or shall stop if necessary. . . at a clearly marked stop line, but if none, then at the point nearest at the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway. Having slowed or stopped in this manner, the driver shall yield the right of way . . . to any vehicle in the intersection or approaching on another highway so closely as to constitute an immediate hazard.

Although the driver at the yield sign has a higher duty to ascertain whether he can safely cross a favored street, the driver on the favored street also has the duty of being an attentive driver. We discussed this duty in *DeRosier v. South Louisiana Contractors*, 583 So.2d 531, 535 (La.App. 3 Cir. 1991):

> In other words, the driver on a right-of-way thoroughfare is ordinarily entitled to presume that drivers from side streets will not enter the thoroughfare in his path, especially when the driver on the right-of-way street knows that traffic on the side street is controlled by a stop or yield sign. However, when the motorist on the favored roadway, looks and sees or should have looked and could have seen that the motorist on the non-favored roadway, by obvious actions, is about to disregard a traffic sign, it is the favored motorist's duty to use his best judgment under the circumstances to avoid or minimize any impending peril. *Randall v. Baton Rouge Bus Co.*, 240 La. 527, 124 So.2d 535 (1960). When the favored motorist should reasonably realize in time that the non-favored traffic will continue its approach and will obstruct the favored motorist's passage across the intersection, he is guilty of negligence should he fail to take every precaution to avoid a collision. *Randall*, supra; *Spencer v. Hynes*, 452 So.2d 1291 (La.App. 3d Cir.1984).

In support of her motion for summary judgment, Hayes introduced her own deposition testimony, as well as that of Covey and the investigating officer, Miranda Jones. In reviewing this evidence, we find that a genuine issue of material fact does exist, which renders summary judgment in this matter improper.

3

Hayes testified that she was traveling in the outside lane of College Avenue at the time of the accident. She stated that she never saw Covey's vehicle in the turn lane and it was not until he was in the inside, eastbound lane, approximately a car length away from her, that she saw him. She stated that she tried to brake prior to her vehicle colliding with the front of his vehicle.

Covey testified that he was traveling west on College Avenue and intended to turn onto Tarlton Drive, which turn was controlled by a yield sign. He stated that he entered the turn lane, slowed down, and then stopped. He said that he then turned into the median, looked right, and waited for the east-bound traffic to clear. After the traffic cleared, he stated that he looked straight ahead to the car stopped at the stop sign on Tarlton Drive and then proceeded across the eastbound lane of College Avenue.

Covey testified that he had almost crossed the eastbound lanes of College Avenue when his vehicle was hit, which pushed him into the car stopped on Tarlton Drive. He said that he never saw Hayes' vehicle prior to the collision and did not realize what had happened until after it occurred. He could not explain why he failed to see Hayes' vehicle, as he could see the eastbound traffic while he was stopped in the median. Further, he estimated that he could see approximately two hundred yards down College Avenue in the direction of Interstate 49 while he was stopped in the median.

Officer Jones testified that the left turn from College Avenue onto Tarlton Drive was controlled by a yield sign. She stated that Covey first told her that he never saw Hayes' vehicle, but later said that he saw it, but misjudged the distance

4

between them. From the marks left by the collision, she determined that Covey's vehicle had crossed one and a half lanes before being hit in the outer-most eastbound lane. Jones stated that she did not believe that Hayes ever saw Covey's vehicle prior to impact. If she had, she stated that Hayes would have tried to brake, which she did not think she had done. She further noted that both parties should have had a clear view of the other prior to the accident.

After reviewing the evidence, we find that a question of fact exists as to whether Hayes was negligent in failing to see that Covey was crossing her lane. The evidence reveals that Covey had nearly crossed the outer eastbound lane of College Avenue prior to the impact and that Hayes should have seen him while he was in the median and after he started across the lane. As a genuine issue of material fact exists, the trial court erred in finding that Covey was solely at fault in causing this accident. Accordingly, the judgment of the trial court is reversed and the matter is remanded for further proceedings.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded for further proceedings. The costs of this appeal are assessed to the plaintiff-appellee, Stephanie Hayes.

**REVERSED AND REMANDED.**

5