BYRNES, Judge.
This appeal arises out of a Judgment Notwithstanding the Verdict (“JNOV”) granted to the defendants in this matter.
FACTS
On February 10, 1979 an automobile-bus collision occurred at the intersection of North Galvez and Louisa Streets in New Orleans. The automobile was driven by the husband of appellant, Mary S. Fernandez. He was proceeding southbound on Louisa Street and apparently disregarded the stop sign at the corner of Louisa and Galvez. After the car entered the intersection it was hit by a New Orleans Public Service [NOPSI] bus travelling east on North Galvez at approximately 15-20 miles per hour. Appellant’s husband died as a result of the collision.
Appellant subsequently filed suit against [General Motors], NOPSI, and the bus driver, Edna Massey. GM was dismissed and a jury trial was held relating to the remaining defendants. The jury found in favor of the plaintiff, awarding her $750,000.00. The defendants moved for a JNOV. The motion was granted by the judge who found that:
The jury was correct in finding the bus operator guilty of negligence. She should have seen decedent’s vehicle before the impact.
Viewing all the evidence in the light most favorable to plaintiff, however, reasonable jurors were bound to conclude that plaintiff’s decedent was also guilty of negligence which was a cause in fact of the accident.
While plaintiff’s counsel is probably correct in his assessment of how the jurors viewed the relative credibility of the witnesses, no version of the accident can be imagined that would place the sole causative fault on the bus driver. Whether he stopped or not, Mr. Fernandez’s intrusion into the path of a slow traveling bus at a blind intersection simply did not furnish defendant’s operator under any stretch of the imagination a last clear chance to avoid the accident. (Tr. pg. 46)
Plaintiff appeals this judgment.
ASSIGNMENTS OF ERROR
Appellant contends that the trial judge erred in finding that the evidence clearly showed that appellant’s husband was guilty of contributory negligence and that Massey did not have the last clear chance *1001 to avoid the accident. She contends further that the judge erred in determining that the intersection in question was a blind intersection. Finally, she states that granting a JNOV effectively denied her the right to a jury trial.
JUDGMENT NOTWITHSTANDING THE VERDICT
In McClain v. Holmes, 460 So.2d 681, 682 (La.App. 1st Cir.1984) the court stated:
The standard for determining the propriety of a judgment notwithstanding the verdict is the same as that used in determining the correctness of a directed verdict. See Rougeau v. Commercial Union Ins., Co., 432 So.2d 1162 (La.App. 3d Cir.1983), writ denied 437 So.2d 1149 (1983). The trial court recognized this to be the case when it noted the directed verdict (like the judgment notwithstanding the verdict) should be granted, “... only if reasonable men, all inferences resolved in favor of the nomover, (sic) could not possibly arrive at a verdict for the nonmover.” The Rougeau court quoted language from Boeing Company v. Shipman, 411 F.2d 365 (5th Cir.1969), as follows:
“On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence not just that evidence which supports the non-mover’s case but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence [opposed to the motions, that is, evidence] of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.’ ” 432 So.2d at 1166.
(See also: Aronne v. Illinois Central Gulf Railroad, 461 So.2d 325 (La.App. 1st Cir. 1984) and Bickham v. Goings, 460 So.2d 646 (La.App. 1st Cir.1984).
Thus, the standard which the trial judge must follow in determining the propriety of granting a motion for a JNOV is quite strong. The evidence must be so overwhelming that no reasonable juror could reach any other conclusion. Further, the trial judge cannot consider issues of credibility in reaching its decision. McClain v. Holmes, supra.
In the case at bar, the jury heard the testimony of person who witnessed the accident from the sidewalk. He stated that decedent’s automobile disregarded a stop sign at Miro and Louisa and that he did not see the decedent’s stoplights as he passed the corner of Louisa and North Galvez. He stated further that the car was proceeding in an erratic manner, at a speed of 25-40 miles per hour, with the radio playing loudly. After the car entered the intersection of Louisa and Galvez he saw the bus collide with it. The jury also heard the testimony of a bus driver who was following approximately ¾ of a block behind ap-pellee when the collision occurred. He stated that he witnessed a fast moving vehicle dart in front of the bus immediately prior to impact. He indicated that the vehicle was moving so fast that it appeared to be a blur when he saw it. He estimated the speed of the bus in front of him to be approximately 20-25 miles per hour. Ap-pellee, the bus driver involved in the collision, testified that she did not see decedent’s car until after the accident and that she was traveling at a slow rate of speed in the right lane of Galvez Street. Finally, there was testimony regarding the width of each lane of Galvez Street and the number of feet per second a car would travel at 25 and 40 miles per hour. The court took judicial notice of these figures and it was determined that at 25 mph, decedent’s car would have entered the path of the bus approximately V2 second after passing the stop sign, and at 40 mph it would have taken him slightly over V4 second to reach this point. The jury also reviewed photo *1002 graphs of the intersection and vehicles after the accident. These showed that decedent’s car had moved several feet from the stop sign to Galvez Street, the full 15'8" of the north side of Galvez Street, and a portion of the south side before his automobile was struck in its front door by the bus and pushed against a building on the southeast corner of the intersection.
Given these facts, a reasonable jury could conclude that the bus driver was negligent because she was proceeding at a slow rate of speed and decedent’s car had to cross an entire lane before reaching the bus. Under these circumstances, the driver should have seen the car once it was past the stop sign and the alleged blind spot, and she should have reacted accordingly.
Regarding contributory negligence and the last clear chance doctrine, the jury was instructed as follows:
A motorist who enters a street from an inferior street controlled by a traffic sign when a vehicle on the favored street is so close as to constitute an immediate hazard is guilty of contributory negligence sufficient to bar recovery for injuries sustained in the intersectional collision. On the other hand, if you find that Harold Fernandez was negligent such negligence is immaterial if you conclude that the bus driver had the last clear chance to avoid the accident and negligently failed to do so. To invoke the last clear chance doctrine plaintiff must establish that the decedent was in a position of peril of which he was unaware or from which he was unable to extricate himself. That the bus driver actually discovered or should have discovered Mr. Fernandez’s peril and, three, that the bus driver had time to avoid the accident with the exercise of reasonable care and negligently failed to do so. If you conclude that the bus driver had the last clear chance to avoid the accident and negligently failed to do so then you should conclude that Mr. Fernandez’s negligence, if any, was not a cause of the accident. If you decide the case in plaintiff’s favor you must proceed to award damages. (Tr-16)
The jury was instructed further regarding their final verdict:
We are submitting the case to you on the form of the verdict which includes three questions and let me go through them quickly with you. The form says, “We the jury find as follows: The first question. Was the bus driver guilty of negligence which was a cause in fact of the accident. You answer that question yes or no. If you answer number one no the defendant has won and you stop right there. If you answer it yes, you continue to answer the next question. The second question is was plaintiff’s husband guilty of contributory negligence which was a cause in fact of the accident. You answer that question yes or no. If you answer number two yes, again the plaintiff has lost and you stop there. If you answer it no, continue to answer number three. And number three is what total damages did plaintiff sustain as a result of the death of her husband.” (Emphasis added) (Tr pg. 120)
Again, given the previously outlined facts and these instructions, a reasonable jury could have concluded that although decedent may have been negligent in running the stop sign, this negligence was not a cause in fact of the accident because the slow moving bus had the last clear chance to avoid it.
Accordingly, we find that reasonable jurors were not bound to conclude that decedent’s negligence was a cause in fact of the accident. The judgment of the trial judge is therefore reversed and the jury’s verdict in favor of the plaintiff is reinstated.
There is judgment in favor of plaintiff, Mrs. Mary Sanchez Fernandez, and against defendant, New Orleans Public Service, Inc., and Edna Massey, jointly and in solido in the sum of $750,000.00 with legal interest from date of judicial demand until paid, *1003 and all costs of these proceedings including costs of this appeal.
REVERSED AND RENDERED.