ARMSTRONG, Judge.
The plaintiff, Derrick Banks, filed suit against the defendant, Valerie LeVasseur, seeking recovery for personal and property damage allegedly resulting from an inter-sectional collision. The defendant reconvened seeking recovery for property damage to her automobile.
In granting judgment, the trial court concluded that the plaintiff was sixty percent negligent and the defendant was forty percent negligent. The trial court awarded the plaintiff, Banks, damages in the amount of $464.97 (actual damages of $1,162.43 less 60%). The defendant and plaintiff-in-reconvention, LeVasseur, was awarded damages in the amount $1,164.05 (actual damages of $1,940.09 less 40%). The trial court ordered each party to bear his own costs. The plaintiff now appeals, arguing that the trial court erred in finding any negligence on his part, and in failing to award him damages for personal injuries and lost wages.
The record reflects that on March 6, 1984, at approximately 8:15 p.m. The plaintiff was operating his 1977 Ford pickup truck on Governor Nicholls Street, which is a one-way street river-bound. The defendant, Valerie LeVasseur, was operating her 1983 Honda Prelude on Marais Street and was proceeding in the direction of Canal Street. When the defendant arrived at the intersection of Marais and Governor Nicholls Streets she came to a complete stop at the stop sign. As her vision was impaired by a vehicle illegally parked on the corner of Governor Nicholls Street, she attempted to inch forward to determine if the intersection was clear. A collision then took place between the Banks vehicle and the LeVasseur vehicle which resulted in damage to both automobiles.
The plaintiff brings this appeal, arguing first that he was not negligent and in the alternative, should he be found liable, that the trial court erred in assessing him with 60% negligence. He argues that he was not negligent because he had the right way as he was on a favored street. We disagree.
Although a motorist on a favored street, has the right of way, preferences on favored streets created by statutes, signals, or signs do not relieve the driver with the right-of-way from exercising ordinary care. When the motorist on the favored street should reasonably realize that the motorist on the less-favored street will continue his approach across an intersection, he is guilty of negligence should he then fail to take every precaution to avoid a collision. Spencer v. Hynes, 452 So.2d 1291 (La.App. 3rd Cir.1984); Kirk v. Allstate Ins. Co., 366 So.2d 642 (La.App. 3rd Cir.1978); Meynier & Dillman Hardware Co. v. Aronson, 229 So.2d 365 (La.App. 4th Cir.1969).
The plaintiff testified that he was travelling in the center of the street when the collision occurred. He further testified that he failed to see the defendant's vehicle until a split-second before the accident and that he did not attempt to swerve or take any evasive action in order to avoid the collision.
The testimony of the defendant, corroborated by an independent witness, established that the defendant came to a complete stop at the intersection. Because her view of the traffic approaching on Governor Nicholls Street was blocked by an illegally parked truck, she began to inch her way into the intersection in order to see if it was safe to proceed. Only a small portion of the hood of her car was in the intersection at the time of impact.
The trial court found that the front of the defendant’s car was in the intersection and in plain view of the plaintiff who had enough room and time to take evasive measures. The court concluded that the plaintiff “clearly had the first opportunity to observe the other vehicle and either failed to so observe or failed to take adequate evasive maneuvers to avoid the accident.” See Fernandez v. General Motors Corp., 478 So.2d 999 (La.App. 4th Cir.1985); Alex *1277 ander v. City of New Orleans, 464 So.2d 881 (La.App. 4th Cir.1985). We find no manifest error in the trial court’s finding of plaintiffs negligence because there was before it sufficient evidence to furnish a reasonable basis for its judgment. Hingle v. Audubon Ins. Co., 427 So.2d 65 (La.App. 4th Cir.1983).
Finding the plaintiff negligent, we likewise find no error in the trial court’s determination that the plaintiff was 60% negligent, whereas the defendant was found to be 40% negligent. In both Fernandez, supra, and Alexander, supra, this court found a greater degree of negligence and liability in damages as to the motorist on the favored street than it did that of the negligent motorist on the less-favored street, where the favored motorist had the last clear chance to avoid the accident but failed to do so. Because the trier of fact’s findings as to percentages of fault are factual conclusions, this court will not disturb such a determination on appeal unless it is clearly wrong. Varnado v. Continental Ins. Co., 446 So.2d 1343 (La.App. 1st Cir. 1984).
Plaintiff also argues that the trial court erred in failing to award him damages for medical expenses and lost wages. Both parties entered into a stipulation at trial that Exhibit P-2 was the bill for medical services rendered to Derrick Banks by Dr. Wiley Jenkins in the amount of $173.00. However, there was no credible evidence presented that the medical services provided were in any way related to the injuries the plaintiff allegedly sustained as a result of the accident. The trial court’s denial of these damages is correct.
For the foregoing reasons the judgment of the trial court assessing negligence, damages and costs is affirmed.
AFFIRMED.
KLEES, J., dissents.