509 So.2d 663 (1987)
Dalton O. SIMMONS, et al., Plaintiffs-Appellees,
v.
CUSTOM-BILT CABINET & SUPPLY COMPANY, Defendant-Appellant.
No. 86-524.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1987.
Sidney E. Cook, Jr., Shreveport, for defendant-appellant.
Edward Chevallier, Many, for plaintiffs-appellees.
Before STOKER, LABORDE and YELVERTON, JJ.
STOKER, Judge.
Dalton O. and Hattie L. Simmons were injured on February 3, 1985 in Sabine Parish when their car was struck from behind by a vehicle driven by an employee of Custom-Bilt *664 Cabinet & Supply Co. The Simmons sued Custom-Bilt, its allegedly negligent employee, and Aetna Casualty & Surety Company, Custom-Bilt's insurer, for damages suffered in the accident. Liability was stipulated by the defendants. The trial judge awarded Mr. Simmons $30,000 in general damages, $5,000 for future medical expenses, and documented past medical expenses. Mrs. Simmons was awarded $8,000 in general damages, $1,000 for future medical expenses, and documented past medical expenses. The defendants appeal, contending that the general damage awards are excessive, and that the record does not support the provisions for future medical expenses.
Subsequent to the filing of their motion to appeal, Mr. and Mrs. Simmons both died of causes unrelated to the accident. Their heirs have been substituted in this matter.

MR. SIMMONS' GENERAL DAMAGES
Mr. Simmons was 74 years old at the time of the accident. His bucket seat slipped back a few notches upon impact. He saw his regular physician, Dr. Grindle, in the hospital emergency room two hours after the accident. He complained of neck and mid-back pain. X-rays showed degenerative arthritis of the cervical spine, with spur formation, which predated the accident but had never caused him any problem. Dr. Grindle diagnosed a moderately severe myoligamentous injury of the neck, which involved muscles and ligaments along each side of the cervical spine. He prescribed Valium, Darvocet, hot packs and physical therapy.
In late February, Mr. Simmons began to suffer angina attacks. Dr. Grindle stated that these attacks were probably induced by stress or anxiety related to the accident. Mr. Simmons developed other heart problems which required surgery, but his cardiologist denied that stress was responsible.
Mr. Simmons was treated for neck and shoulder pain through April 1985. Dr. Grindle stated that while the neck condition was somewhat improved, Mr. Simmons' arthritic condition probably had been permanently worsened by the accident. An orthopedist who examined Mr. Simmons agreed that the cervical spine symptoms could be permanent, and he assigned a whole body disability rating of 15%.
As of the time of trial, Mr. Simmons had difficulty walking, could no longer help around his son's farm, and could not hunt coon, as he had before the accident. Even though he continued to take medication, he woke frequently during the night in pain. Two doctors agreed that his angina, which began shortly after the accident, could be attributed to the incident.
The evidence shows that Mr. Simmons experienced considerable pain and discomfort as a result of the accident, and that his life was greatly disrupted. We cannot say that the trial court erred in awarding him $30,000 in general damages, and we affirm that award.

MRS. SIMMONS' GENERAL DAMAGES
Mrs. Simmons was 73 years old at the time of the accident. Upon impact the back of her bucket seat became unlocked, and she was thrown into a reclining position. She also saw Dr. Grindle two hours after the accident, and complained of neck, mid-back and abdominal pain. The doctor diagnosed a mild myoligamentous injury of the neck, which aggravated her preexisting degenerative arthritis, which caused her some discomfort before the accident. The abdominal pain evidently was caused by adhesions from a previous surgery, which were irritated as a result of the accident. Though Mrs. Simmons complained of intermittent pain at the time of trial, Dr. Grindle found an overall pattern of improvement, and assigned no disability rating. An orthopedist who examined Mrs. Simmons agreed with Dr. Grindle's assessment.
The plaintffs argue that the award of $8,000 for general damages is inadequate, while the defendants argue it is excessive. The record supports this award, and we find it neither inadequate nor excessive. We affirm.

*665 FUTURE MEDICAL EXPENSES
The defendants argue that the record does not provide sufficient basis for the awards for future medical expenses. We agree.
In Sikes v. McLean Trucking Co., 383 So.2d 111 at 117 (La.App. 3d Cir.1980), we stated:
"Future medical expenses, like any other element of damages, must be established with some degree of certainty. Wilson v. MaGee, 359 So.2d 315 (La.App. 4th Cir.1978). Absent evidence as to future medical expenses, no award can be made. Billedeaux v. Adams, 355 So.2d 1345 (La.App. 3rd Cir.1978). An award for plaintiffs' future medical expenses cannot be based on mere speculation of the jury. Much stronger proof, such as medical testimony of the specific expenses to arise, should be required for such an award."
The evidence showed that Mr. and Mrs. Simmons would likely continue to experience pain as a result of the affects of the accident. However, at the time of trial, Mrs. Simmons had not seen Dr. Grindle in four months for accident-related complaints, and Mr. Simmons had not been treated for these symptoms in eight months. Neither one had any plans to return to the doctor. Both were still taking medication on an as-needed basis, but there was only vague testimony as to how often they actually took the pills. There is no definite evidence as to how much medication would be required in the future, or how much it might cost. See Head v. St. Paul Fire & Marine Ins. Co., 408 So.2d 1174 (La.App. 3d Cir.1982), writ denied, 412 So.2d 99 (La.1982). Mr. Simmons had taken some physical therapy, but had discontinued these sessions. There is no indication that any other medical treatment was anticipated.
The trial court's awards were evidently based upon the reports of the orthopedist who examined Mr. and Mrs. Simmons. The evaluations were prepared for litigation purposes. Although several suggestions were made as to medications and tests, there is no evidence to show that Mr. and Mrs. Simmons ever intended to follow them. They remained only possibilities, not definite enough to form the basis of an award for future medical expenses. Therefore, we reverse the awards of $5,000 and $1,000 to Mr. and Mrs. Simmons, respectively.

CONCLUSION
The general damage awards of $30,000 to Mr. Simmons and $8,000 to Mrs. Simmons are affirmed. The awards for future medical expenses are reversed. Costs of this appeal are assessed one-half to the plaintiffs and one-half to the defendants.
REVERSED IN PART; AFFIRMED IN PART.