PLOTKIN, Judge.
The plaintiff, Caridad Gonzales, appeals a jury verdict holding her to be fifteen percent at fault in an automobile accident with the defendant, Julie Vanderbrook, awarding her $8,000 (reduced by fifteen percent comparative fault). Additionally, the plaintiff appeals the trial court’s decision to allow cross examination concerning the failure to file an income tax return. We affirm and amend by increasing the quantum to $25,000 in general damages and $10,000 in special damages.
FACTS:
On November 15, 1989, the plaintiff was attempting to make a left turn at the intersection of Veterans Highway and Fleur De Lis in New Orleans, Louisiana. She testified that she was facing west on Veterans Highway and waited at the intersection until the left turn signal illuminated. Then, while proceeding across Veterans Highway, her vehicle was struck by the defendant, who was traveling east on Veterans Highway, on the passenger side.
The defendant testified that she was stopped at the traffic signal and heard a horn behind her. She looked up and saw a green light and proceeded into the intersection coming into contact with the plaintiffs automobile.
Immediately after the accident the plaintiff experienced no pain. Approximately two weeks later she complained of neck and shoulder pains. On November 21, 1989, she was treated by Dr. Pedroza for these pains, as well as headaches, until March 1, 1990. During this period, her symptoms improved and she was discharged. A month later she returned to Dr. Pedroza complaining of lower back pain. He suggested that she see an orthopedist. On May 15, 1990, the plaintiff then sought treatment from an orthopedic surgeon Dr. Bernard Manale.
Dr. Manale conducted a routine neurological and orthopedic examination. He recorded no abnormal findings. After ordering a CAT scan on June 18, 1990, Dr. Manale diagnosed a protruding disc in the plaintiff’s neck between the fourth and fifth vertebrae, and a bone spur between the fifth lumbar vertebrae and sacrum, which touched a nerve root at one point. However, he concluded that these conditions pre-existed the accident and were normal in a 55 year old woman. He opined that the accident made these conditions symptomatic. However, he felt that her condition would not worsen.
For treatment he prescribed pain medication and a corset to support her back. In addition, the plaintiff was given a TENS unit to control pain which inserts electrical impulses into the skin. The plaintiff also underwent physical therapy on two separate occasions. At the time of trial the plaintiff was still complaining of pain.
On April 19, 1990 the plaintiff began treatment with Dr. Ancira, a psychiatrist for nervousness. He diagnosed the plaintiff as suffering from a mild post traumatic stress disorder and adjustment disorder. These conditions were causing the plaintiff to have trouble sleeping, experience sadness and anxiety. He opined that the cause of these disorders was the accident. The plaintiff is still under Dr. Ancira’s care.
After trial on the merits, the jury returned a verdict in favor of the plaintiff finding that the plaintiff was fifteen percent at fault and awarded $8,000 which was reduced by the fifteen percent. The plaintiff appeals this judgment.
*448 CROSS EXAMINATION ON FAILURE TO FILE INCOME TAX RETURN TO IMPEACH WITNESS:
The issue is whether a specific instance of misconduct, not leading to a conviction, may be used to attack credibility. The plaintiff first argues that the trial court was in error when it allowed the defense attorney to question the plaintiff on whether she filed Federal income tax returns for a period of years prior to the accident. The plaintiff argues that this line of questioning was improper because it was irrelevant and unduly prejudicial. It was irrelevant because there was no claim made for lost wages thus there is no need to inquire into taxes being paid on those wages. Secondly, even if the questions were relevant their probative value was far outweighed by the prejudice that the testimony would have on the jurors. The plaintiff argues that the only purpose of this questioning was to prejudice the jury against a hispanic woman by painting her as person who did not pay her taxes. As support for her contention that the questions should not have been allowed, the plaintiff cites to LSA-C.E. art. 609(A)(1) which relates to the introduction of crimes committed by the witness to attack the witnesses credibility. This article excludes evidence of the details of crimes committed by the witness.-
The defendant argues that the questioning was probative to assess the credibility of the plaintiff. Additionally, the defendant argues that LSA-C.E. art. 609(A)(1) does not apply to this line of questioning. We disagree.
While the trial court is empowered to allow liberal examination concerning a witness’ credibility, this examination is limited by public policy in several situations. The controlling article in the case at bar is LSA-C.E. art. 608(B) which provides that “[pjarticular acts, vices, or courses of conduct of a witness may not be inquired into or proved by extrinsic evidence for the purpose of attacking his character for truthfulness, other than conviction of crime as provided in Articles 609 and 609.1 or as constitutionally required.” [1] “Paragraph B quite simply prohibits the admissibility of any (specific acts, vices or conduct) in an effort to attack the character of a witness.” Leefe, Richard K. Louisiana Code of Evidence Practice Guide 154-55 (1991); State v. Mayko, 601 So.2d 783, 789 (La.App. 4th Cir.1992); State v. Williams, 575 So.2d 452, 454 (La.App. 4th Cir.1991). Thus, inquiry into the specific acts of the witness, such as whether she filed an income tax return, for the purpose of attacking her credibility is impermissible. State v. Sanders, 539 So.2d 114 (La.App. 2d Cir.1989).
Additionally, even if art. 608 did not prohibit such questioning LSA-C.E. art. 403 and art. 607(D)(2) would exclude the evidence when “its probative value is substantially outweighed by the danger of unfair prejudice.” Here there is no probative value to the evidence received. There was no claim made for loss of earnings thus the issue of taxes was irrelevant. The only possible effect of the evidence, which was conceded at trial, was to attack the credibility of the plaintiff. In other words, defense counsel sought to show the plaintiff as being a person who did not pay her taxes even though she had never been charged with such a crime. This instance is not probative for untruthfulness. However, the answer’s affect on the credibility of the witness carried with it a substantial danger of unfair prejudice.
In this civil case, the evidence of the plaintiff’s failure to file income tax returns should have been excluded. The admission of the evidence was harmful to the plaintiff and influenced the jury’s decision. The jury awarded her damages that, in effect, reimbursed her only for her medical expenses.
15% FAULT:
The jury assessed 15% of the fault against the plaintiff. She now argues that this assessment is against the law and the evidence presented at trial. First, she ar *449 gues that the facts are uncontroverted that she had a green arrow and was turning on that arrow when the defendant ran into her. Thus, she could not be held liable for any fault.
Second, the plaintiff argues that the judge misstated the law to the jury when she stated that the person with the right of way still owes a duty of care to take precautions to avoid an accident. The plaintiff argues that Johnson v. State of Louisiana, 450 So.2d 386 (La.App. 1st Cir.1984) and Gaspard v. States, 380 So.2d 201 (La.App. 3rd Cir.1980) set out the rule that the party with the green light is entitled to presume that the party with the red light will yield the right of way. Thus, the party with the green light must exercise only the slightest degree of care in proceeding through the intersection.
The defendant argues that there was enough evidence in the record for the jury to find that the plaintiff was at least 15% at fault. Additionally, the defendant argues that the jury charge was not erroneous. The defendant also argues that even if the jury charge was erroneous it was not objected to prior to the jury retiring to deliberate. Therefore, the objection is waived.
This court has held that although a signal gives a party the right of way it does not relieve that driver from his duty to exercise ordinary care. Banks v. LeVasseur, 488 So.2d 1275 (La.App. 4th Cir.1986). The jury was in a better position to determine the credibility and demeanor of each witness. The defendant testified that when she looked up she saw a green light and proceeded into the intersection. The plaintiff testified that she proceeded into the intersection with a green arrow. The jury weighed the testimony and credibility of each witness and determined that the defendant was at fault but also that the plaintiff breached her duty of ordinary care and was partially at fault. This decision is not manifestly erroneous. Therefore, it will not be disturbed on appeal.
QUANTUM:
The plaintiff argues that the $8,000 award is inadequate for the injuries she received to her neck, shoulders, aggravation of her pre-existing disc and arthritic condition coupled with a post traumatic stress and adjustment disorder. She requests an increase to $100,000.
Before a damage award may be questioned as inadequate or excessive, the appellate court must look to the individual circumstances of the particular case to determine whether the award for the injuries and their effect on the injured person was clear abuse of the trier of fact’s broad discretion. Cooks v. Cornin, 560 So.2d 994 (La.App. 4th Cir.1990); Reck v. Stevens, 373 So.2d 498 (La.1979).
In the instant case, the experts who testified were in agreement that from the accident the plaintiff suffered a sprained ligament in her neck and an aggravation of a pre-existing back condition. Because of the severity of the injuries suffered this court is of the opinion that the trier of fact abused its discretion in this case. Having determined that there was an abuse of discretion, this court is constrained to raise the award of general damages to $25,000 which is the lowest amount the jury could have awarded within its discretion. Additionally, this court awards special damages in the amount of $10,000 which covers the plaintiffs past medical and future medical expenses. Simmons v. Custom-Bilt Cabinet & Supply Co., 509 So.2d 663 (La.App. 3d Cir.1987); Thompson v. PetroUnited Terminals, Inc., 536 So.2d 504 (La.App. 1st Cir.1988). The total award is therefore $35,000 to be reduced by the plaintiffs 15% of fault. Thus, the adjusted award totals $29,750.
CONCLUSION:
Accordingly, the judgment of the trial court is affirmed. The judgment is amended to increase the quantum to $35,000 reduced by 15% for the plaintiffs fault to $29,750 plus legal interest and costs.

. See also LSA-C.E. art. 607(D)(1) (limiting the use of intrinsic evidence to show bias, interest, corruption or defect of capacity); art. 609, 609.1 (limiting the use of crimes).