# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-805

TOBY P. ARMENTOR

VERSUS

**SAFEWAY INSURANCE COMPANY, ET AL.**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2005-2403
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## MICHAEL G. SULLIVAN
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Michael G. Sullivan, Glenn B. Gremillion, and Billy Howard
Ezell, Judges.

**AFFIRMED.**

Barton W. Bernard
Attorney at Law
120 Representative Row
Lafayette, Louisiana 70508
(337) 593-1123
Counsel for Plaintiff/Appellant:
    Toby P. Armentor

Keith M. Borne
Borne, Wilkes & Brady
Post Office Box 4305
Lafayette, Louisiana 70502-4305
(337) 232-1604
Counsel for Defendants/Appellees:
    Safeway Insurance Company
    Leroy D. Batiste

**SULLIVAN, Judge.**

Plaintiff, Toby Armentor, appeals a judgment rendered in his favor following a bench trial. Defendants, Safeway Insurance Company and Leroy Batiste, answer the appeal. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

This lawsuit arises out of a rear-end collision that occurred at 1:20 p.m. on November 24, 2004, on Pinhook Road near its intersection with Bonin Road in Lafayette Parish. Armentor was seatbelted in his pickup truck and stopped at a red light when he was struck from behind by a pickup truck driven by Batiste. The force of the collision pushed Armentor's vehicle forward eight to ten feet and into the rear of another vehicle.

Armentor filed suit against Batiste and his automobile liability insurer, Safeway, for the injuries that he sustained as a result of the accident. A bench trial was held on November 13, 2006. Although liability was not stipulated, Batiste admitted at trial that the collision occurred because he was inattentive and distracted and that Armentor had done nothing to cause or contribute to the accident. Other than Batiste and Armentor, the only other witness to testify live at trial was Father Louis Richard, a Catholic priest who was Armentor's workout partner both before and after the subject accident. Certified copies of Armentor's medical records and bills were submitted as exhibits, along with the depositions of his three treating physicians. Defendants submitted a copy of Batiste's Safeway policy as an exhibit. At the close of testimony, the matter was taken under advisement.

The trial court rendered written Reasons for Judgment on December 11, 2006, awarding Armentor general damages in the amount of $30,000.00, past medical

1

expenses in the amount of $13,093.50, and future medical expenses in the amount of $5,000.00. Judgment was signed on February 1, 2007, in accordance with the previously rendered reasons, in favor of Armentor and against Safeway and Batiste, in solido, in the amount of $10,000.00,[1] and in favor of Armentor and against Batiste, individually, in the amount of $38,093.50.

Armentor devolutively appealed from the judgment, assigning the following as error:

1. The trial court erred, as a matter of law, by imposing an illegal burden of proof upon Plaintiff, i.e., that he prove his case as "definite" as opposed to "more probable than not."

2. The trial court erred in its award of future medical expenses to Plaintiff, as the award was based on an illegal burden of proof and was abusively low and contrary to the law and the evidence.

3. The trial court erred in its award of general damages to Plaintiff, as the award was based on an illegal burden of proof and was abusively low and contrary to the law and the evidence.

Safeway and Batiste answered Armentor's appeal, alleging that the trial court abused its discretion in the amounts awarded to Armentor for general damages and future medical expenses in that the evidence supports much lower awards, if any.

**STANDARD OF REVIEW**

This court recently recited the standard of review to be applied when an appellant alleges that the trial court committed legal error by holding them to an improper burden of proof. In *Lanningham v. Walton*, 06-1103, pp. 2-3 (La.App. 3 Cir. 2/7/07), 950 So.2d 922, 924, we stated:

---

[1]The Safeway policy issued to Batiste and in effect on the date of the subject accident had limits of $10,000.00/$20,000.00.

2

A trial court's findings of fact will not be disturbed unless they are manifestly erroneous or clearly wrong. *Fuselier v. State, through Dep't of Transp. & Dev.*, 05-681 (La.App. 3 Cir. 1/11/06), 919 So.2d 867, *writ denied*, 06-334 (La.4/28/06), 927 So.2d 289. "This standard, however, is not applicable when one or more legal errors by the trial court interdicts the fact-finding process, and, when permitted by the record, the appellate court should conduct a de novo review to determine the preponderance of the evidence." *Trahan v. Deville*, 05-1482, p. 2 (La.App. 3 Cir. 5/10/06), 933 So.2d 187, 190, *writ denied*, 06-2103 (La.11/17/06), 942 So.2d 534 (citation omitted). "Legal errors occur when trial courts prejudicially apply incorrect principles of law." *Id.* "These errors are prejudicial when they materially affect the outcome of the matter." *Id.* "In these cases, appellate courts are bound, if possible, to apply the correct principles of law, determine material facts, and render judgment on the record." *Id.*

## DISCUSSION

### *Burden of Proof*

Armentor asserts that the trial court imposed an illegal burden of proof, requiring him to prove his case with "definite" evidence, instead of the less strict "more probably than not" standard that the law actually imposes on a plaintiff in a personal injury case. Accordingly, Armentor requests that this court review this matter *de novo*, applying the correct burden of proof.

Armentor's argument is based upon the following excerpt from the trial court's Reasons for Judgment:

> Neither Dr. Montgomery nor Dr. Kasarla stated that the Plaintiff was **definitely** a surgical candidate. Both stated that it would depend on whether the injections continued to improve the Plaintiff's condition. Dr. Kasarla speculated that the Plaintiff may need injections for six months or maybe forever. The doctors simply cannot make a **definitive** determination at this point as to Plaintiff's prognosis and it is not this Court's job to speculate as to what the future may bring.

(Emphasis added).

Defendants vehemently disagree that the above-quoted language supports Armentor's premise that the trial court applied an incorrect burden of proof. They

characterize Armentor's argument as disingenuous and claim that it ignores the context within which the two statements were made. They contend that the statements were simply findings of fact made by the trial court, which in no way indicate that the trial court applied an incorrect burden of proof. Accordingly, Defendants submit that this court should apply the manifest error standard of review.

The Louisiana Supreme Court discussed the plaintiff's burden of proof regarding causation in the context of a personal injury lawsuit in *Maranto v. Goodyear Tire & Rubber Co.*, 94-2603, 94-2615, p. 3 (La. 2/20/95), 650 So.2d 757, 759 (citations omitted):

> In a personal injury suit, plaintiff bears the burden of proving a causal relationship between the injury sustained and the accident which caused the injury. Plaintiff must prove causation by a preponderance of the evidence. The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident.

As the trial court stated in its Reasons for Judgment, "[l]iability on the part of Mr. Batiste is not at issue, as he testified at trial that he was solely at fault in causing the accident. The only issue before the Court is the nature and extent of the damages sustained by Mr. Armentor." We are convinced that the trial court applied the correct burden of proof in deciding whether Armentor's injuries were caused by the subject accident, especially in light of the fact that liability was not contested. Moreover, the language complained of is found in the section of the Reasons for Judgment discussing future medicals.[2] Armentor's first assignment of error lacks merit.

---

[2] As will be discussed later in this opinion, this court has approved language similar to that complained of herein in the context of a trial court's decision to deny or limit a plaintiff's claim for future medicals.

4

***Future Medicals***

Armentor submits that the trial court required him to prove his need for future medicals with "definite" evidence, rather than with the "more probably than not" standard that the law actually imposes. Pointing to the opinion of Dr. Amarendar Kasarla, Armentor's pain management doctor, that he will definitely need more injections in the future and that if the injections quit easing his pain, he may end up requiring surgery, Armentor argues that the trial court's award of only $5,000.00 in future medicals is reversible error. He suggests that an award of at least $175,000.00 is warranted under the circumstances.

Defendants counter that the trial court applied the correct burden of proof and that it was correct in limiting its award of future medicals to $5,000.00. Defendants stress that Armentor's orthopedist, Dr. Thomas Montgomery, the only physician qualified to opine whether Armentor will need surgery in the future, testified that Armentor was not a surgical candidate when he last saw him in February of 2005. Dr. Montgomery further testified that he could not render an opinion as to whether Armentor was a surgical candidate at the time of trial because he had not evaluated him in over a year and a half.

With regard to Armentor's need for future injections, Defendants point out that Dr. Kasarla could not opine as to how far into the future Armentor would need injections from a more probable than not standpoint. Rather, Dr. Kasarla stated that "he's gonna need . . . injections and it depends, it may be six months to a year or it may be forever; infinitely. But most likely he's going to need injections in the near future." Defendants additionally submit that Dr. Kasarla did not testify that Armentor

would probably need surgery in the future, nor did he testify as to the cost of any future surgery.

In their answer to appeal, Defendants ask this court to reverse the trial court's award of future medical expenses on the basis that Dr. Kasarla's testimony was too speculative to support any such award.

This court discussed the burden of proof on a plaintiff seeking an award for future medical expenses in *Veazey v. State Farm Mutual Auto Insurance*, 587 So.2d 5, 8 (La.App. 3 Cir. 1991):

> Future medical expenses, like any other damages, must be established with some degree of certainty. The plaintiff must show that, more probably than not, these expenses will be incurred. Awards will not be made in the absence of medical testimony that they are indicated and setting out their probable cost.

An appellate court reviews an award for future medical expenses, which are items of special damages, pursuant to the manifest error standard of review. *Cormier v. Colston*, 05-507 (La.App. 3 Cir. 12/30/05), 918 So.2d 541.

The "definite" language that Armentor suggests indicates that the trial court applied an incorrect burden of proof is found in the section of the Reasons for Judgment where the trial court was discussing Armentor's need for future medical expenses. This court has used similar language in reviewing a trial court's award of future medicals to automobile accident victims. In *Simmons v. Custom-Bilt Cabinet & Supply Co.*, 509 So.2d 663 (La.App. 3 Cir. 1987), two elderly plaintiffs were injured when their vehicle was rear-ended. Following a bench trial, Mr. and Mrs. Simmons were awarded general damages of $30,000.00 and $8,000.00, respectively, along with their documented past medical expenses. In addition, Mr. Simmons was awarded $5,000.00 for future medical expenses, and Mrs. Simmons

was awarded $1,000.00 for future medical expenses. In reversing the awards for future medicals, we found that although the evidence showed that the plaintiffs would likely continue to experience pain as a result of the effects of the accident, "[t]here is no **definite** evidence as to how much medication would be required in the future, or how much it might cost." *Id.* at 665 (emphasis added). Moreover, although a doctor who had examined the plaintiffs made suggestions as to medications and tests, we concluded that those suggestions "remained only possibilities, not **definite** enough to form the basis of an award for future medical expenses." *Id.* (emphasis added).

In the present case, the trial court stated the following in its Reasons for Judgment:

> [I]t is this Court's opinion that Plaintiff has failed to establish that he will need surgery or injections to the extent he has claimed in the future. While the need for extended injections has not been satisfactorily proven to this Court, the need for some limited future medicals could be possible and the Court would assess $5,000.00 for future medicals.

Our reading of the above-quoted language convinces us that the trial court applied the correct standard when evaluating Armentor's need for future medicals. Thus, the propriety of the award will be examined under the manifest error standard. We have reviewed Armentor's trial testimony, along with his medical records, and the depositions of his treating physicians. Given Dr. Kasarla's opinion that Armentor will need injections in the **near future**, we cannot say that the trial court committed manifest error in awarding Armentor an amount sufficient to cover a limited amount of future medical expenses. Armentor's second assignment of error lacks merit. For the same reasons, Defendant's argument that the award is too generous is likewise without merit.

*General Damages*

Armentor next asserts that the trial court erred by basing his general damage award on an illegal burden of proof, resulting in an award that was abusively low given the severity and duration of his injuries.

Armentor submits that the uncontradicted trial evidence showed that he was in good health and pain free before the collision, but immediately afterward he began suffering pain in his neck and back. He contends that the injuries he received resulted in his having to restrict both his hobbies and his daily activities, including the type of job that he is able to perform, and that his pain and restrictions are permanent and are increasing with the passage of time. Armentor argues that the medical evidence established that it was more probable than not that he will need injections in the future and surgery if his pain persists and the injections stop offering him relief.

Defendants again submit that the trial court applied the proper standard of review in assessing the proper amount to award Armentor in general damages. In opposition to Armentor's arguments, they counter that Armentor's documented medical history since the accident belies his assertion that the $30,000.00 in general damages awarded to him was abusively low. Defendants submit that although Armentor was under consistent treatment from his regular doctor for approximately three months following the accident, he then sought no medical treatment for ten months, followed by another period of eleven months without treatment, with his last treatment being rendered within two months of the trial date.

Defendants refer this court to Armentor's testimony on cross-examination wherein he admitted that the primary reason he quit his offshore employment was the stress placed on his family by his having to work twenty-four/seven and his always

8

being on call. Armentor additionally admitted that, starting approximately two months after the accident, he resumed participation in his normal activities, such as bow fishing and bow hunting. Given the minimal effect on his lifestyle and the speculative testimony as to Armentor's need for future treatment, Defendants submit that the trial court's general damage award more than adequately compensated Armentor for his injuries. Moreover, in their answer to Armentor's appeal, Defendants suggest that the evidence shows that Armentor's injuries were minimal and that his general damage award should be reduced.

The appellate court's role in reviewing a trial court's general damages award was discussed in *Fontenot v. Laperouse*, 00-130, p. 7 (La.App. 3 Cir. 11/2/00), 774 So.2d 278, 283 (footnotes omitted), *writs denied*, 00-3268, 00-3286 (La. 1/26/01), 782 So.2d 638, 1027:

> It is well settled that the discretion vested in the trier of fact, when awarding general damages, is great and even vast, so that the award should rarely be disturbed on appeal. An appellate court is not to decide what it considers to be an appropriate award but to determine whether the trier of fact has abused the discretion it is afforded when awarding such damages. It is only when the appellate court determines that the trier of fact abused its vast discretion that the court should increase or reduce the award.

We have reviewed the record in its entirety. When Armentor last saw his family physician, Dr. Ben Doga, on December 13, 2004, he was of the opinion that Armentor was suffering from a cervical and lumbar strain, and he referred him to Dr. Montgomery, an orthopedic surgeon, for further evaluation. Dr. Montgomery ordered cervical and lumbar MRI's, the results of which, he opined, showed arthritic and degenerative changes that preexisted, but were rendered symptomatic by,

9

Armentor's motor vehicle accident.[3] When he last saw Armentor in February of 2005, Dr. Montgomery's impression was that Armentor was suffering from cervical and lumbar degenerative disc disease, and he referred him to Dr. Kasarla, a pain management doctor. Significantly, Armentor did not see Dr. Kasarla until eight months after the referral. When this fact was made known to Dr. Montgomery at his deposition, he stated that he would have expected Armentor to see Dr. Kasarla sooner based on his complaints of pain at his last visit. Dr. Kasarla gave Armentor a lumbar steroid injection in November of 2005 and instructed him return in three weeks for a follow-up visit. Armentor chose not to comply with Dr. Kasarla's request, instead returning eleven months later, at which time he was given both lumbar and cervical injections.

The trial court was able to evaluate Armentor's credibility. While it determined that he was injured in the accident in question, it found that Armentor had not met his burden of proving that he was in need of more than limited future medicals. Given his patchy treatment history, most significantly the inconsistency of his actions as compared to his subjective complaints of pain, we cannot say that the trial court erred in making its general damage award based on a two-year cervical and lumbar strain. We are satisfied that the trial court applied the correct burden of proof and that it did not abuse its vast discretion in awarding Armentor $30,000.00 in general damages. Armentor's third assignment is without merit as is Defendant's claim that the general damage award to Armentor should be lowered.

---

[3]Dr. Montgomery did admit that the areas of disc protrusion in Armentor's cervical spine could have been caused by the accident.

## CONCLUSION

For the foregoing reason, the judgment of the trial court is affirmed in its entirety. Costs of this appeal shall be split equally among the parties.

**AFFIRMED**.